UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAL KONOPKA, on behalf of himself and all others similarly situated,

                                  Plaintiff,

                    - against -

PACE PLUMBING CORP. d/b/a THE PACE COMPANIES, PACE PLUMBING DELAWARE CORP., and EAGLESTONE LLC d/b/a EAGLESTONE HOLDINGS, LLC and EAGLESTONE NY, LLC,

                                Defendants.
------------------------------------------------------------------------X

Civil Action No.: 25 Civ. 811

**CLASS ACTION COMPLAINT**

Plaintiff Michal Konopka, on behalf of himself and all others similarly situated, by and through his attorneys Kessler Matura P.C. and the Sugar Law Center for Economic and Social Justice, complaining of Defendants Pace Plumbing Corp. d/b/a The Pace Companies, Pace Plumbing Delaware Corp., and Eaglestone LLC d/b/a Eaglestone Holdings, LLC, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, on behalf of himself and all others similarly situated, brings this action seeking monetary damages and affirmative relief based upon Defendants' violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq.*, and New York Worker Adjustment and Retraining Notification Act ("NY WARN Act"), N.Y. Lab. Law § 860, *et seq.*, and other appropriate rules, regulations, statutes and ordinances.

2. On February 6, 2025, Defendants terminated all of Defendant Pace Plumbing Corp.'s 218 employees, including Plaintiff, without sufficient written notice as required by the WARN Act and NY WARN Act (collectively, "WARN Acts"). As such, Plaintiff and all similarly situated employees seek to recover from Defendants their back wages and benefits.

3. Plaintiff brings this action as a putative class action, on behalf of the following "Class" of individuals:

> All former employees terminated without cause on or about February 6, 2025, or terminated, as a reasonably foreseeable consequence of the mass layoffs and/or plant closing, within 30 days of February 6, 2025, and who are affected employees under the WARN Acts (also referred to as, "Class Members.")

## JURISDICTION & VENUE

4. Jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 2104.

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. Defendants do business in the State of New York and maintained a principal place of business at 41 Box Street, Brooklyn, New York 11222.

7. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff*

8. Plaintiff is a resident of Bergen County, New Jersey.

9. Plaintiff was employed by Defendant until February 6, 2025.

10. Throughout his employment with Defendants, Plaintiff was employed as a Plumber and/or Foreman.

11. Plaintiff worked at various jobsites through the New York City area.

12. Plaintiff reported to and was employed out of Pace Plumbing's headquarters, located at 41 Box Street, Brooklyn, New York 11222.

13. Plaintiff is an "affected employee" as defined by, *inter alia*, 20 C.F.R. § 639.3(e) and N.Y. Lab. Law § 860-a.

***Defendants Pace Plumbing Corp. and Pace Plumbing Delaware Corp.***

14. Defendant Pace Plumbing Corp. was a domestic corporation, organized and existing pursuant to the laws of New York State.

15. On February 6, 2025, Defendant Pace Plumbing Corp.'s principal place of business was located in 41 Box Street, Brooklyn, New York 11222.

16. On February 6, 2025, Defendant Pace Plumbing Corp.'s headquarters were located at 41 Box Street, Brooklyn, New York 11222.

17. Defendant Pace Plumbing Corp. did business as The Pace Companies and Pace Plumbing.

18. Defendant Pace Plumbing Corp. filed "The Pace Companies" as its assumed name with State of New York's Department of State (the "Department of State") in 2016.

19. Defendant Pace Plumbing Corp. filed "Pace Plumbing" as its assumed name with the Department of State in 2016.

20. Defendant Pace Plumbing Corp. changed its status with the Department of State from active to inactive effective February 7, 2025.

21. Defendant Pace Plumbing Corp. reported to the Department of State that its reason for the status change was that it was "merged out of existence."

22. Defendant Pace Plumbing Delaware Corp. is a Delaware corporation.

23. Defendant Pace Plumbing Delaware Corp.'s initial Department of State filing occurred on February 5, 2025.

24. The effective date for Defendant Pace Plumbing Delaware Corp.'s initial Department of State is February 7, 2025.

25. Upon information and belief, Defendant Pace Plumbing Delaware Corp.'s principal place of business is 41 Box Street, Brooklyn, New York 11222.

26. Defendant Pace Plumbing Delaware Corp. reported to the Department of State that the Post Office address to which the Secretary of State shall mail a copy of any process the corporation served upon the Secretary of State by personal delivery is 41 Box Street, Brooklyn, New York 11222.

27. On February 7, 2025, Defendant Pace Plumbing Delaware Corp. filed a certificate of merger with the Department of State indicating that it is the surviving entity of merger with Defendant Pace Plumbing Corp.

28. Upon information and belief, Defendant Pace Plumbing Corp. employed more than 200 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

29. The worksite of 41 Box Street, Brooklyn, New York 11222 is a "single site of employment" as defined by, *inter alia*, 20 C.F.R. § 639.3(i).

***Eaglestone, LLC***

30. Defendant Eaglestone, LLC is a Delaware corporation doing business in the State of New York.

31. Defendant Eaglestone, LLC formed in March 20219.

32. Defendant Eaglestone, LLC reported to the Department of State that its foreign legal name is Eaglestone, LLC.

33. Defendant Eaglestone, LLC reported to the Department of State that its fictitious name is Eaglestone NY, LLC.

34. Defendant Eaglestone, LLC's entity status was listed as "active" on February 6, 2025, and on the date of this Complaint.

35. Defendant Eaglestone, LLC's principal place of business is located at 551 5th Avenue, 9th Floor, New York, NY 10176.

***Defendants***

36. Defendants employed and terminated the Class Members.

37. Defendants issued the Class Members a letter explaining the termination on February 6, 2025, which listed Andrea Bondietti as the signatory of the letter and instructed the Class Members to contact Bondietti for further information. *See* Ex. A (Letter).

38. Defendants held Bondietti out as the Senior Vice President of Human Resources, with the mailing address of 551 5th Avenue, 9th Floor, New York, NY 10176.

39. Defendant Eaglestone, LLC's website states that Eaglestone's headquarters are at 551 5th Avenue, 9th Floor, New York, NY 10176.

40. Defendant Eaglestone, LLC's website states the following at the bottom: "© 2025 EAGLESTONE LLC. ALL RIGHTS RESERVED."

41. Upon information and belief, Defendant Eaglestone NY, LLC has been or is also known as Eagelstone, LLC or otherwise does business as Eaglestone, LLC.

42. Upon information and belief, Defendant Eaglestone, LLC has been or is also known as Eagelstone NY, LLC or otherwise does business as Eaglestone NY, LLC.

43. Upon information and belief, Defendant Eaglestone, LLC has been or is also known as Eagelstone Holding, LLC or otherwise does business as Eaglestone Holding, LLC.

44. Defendants, separately and jointly, controlled the terms and conditions of Class Members' employment.

45. In news announcements found on Defendant Eaglestone, LLC's website, Defendant Eaglestone, LLC holds itself out as a "comprised of best-in-class MEPS sub-contractors providing superior workmanship and project management services across all commercial and residential construction platforms.

46. As of the date of this Complaint, Defendant Eaglestone, LLC's website lists The Pace Companies as an affiliated company and states the following:

> The Pace Companies is an Eaglestone affiliated company, Licensed in New York City, New Jersey, Long Island and Westchester County. They are able to provide complete coverage for all phases of Plumbing, Fire Protection and HVAC within the Tri State area. The Pace Companies has been affiliated with some of the most high profile projects in the New York City metropolitan area.

47. As of the date of this Complaint, Defendant Eaglestone, LLC's website links back to The Pace Companies' website.

48. Defendant Eaglestone NY, LLC reported to the Department of State that the Post Office address to which the Secretary of State shall mail a copy of any process the corporation served upon the Secretary of State by personal delivery is 41 Box Street, Brooklyn, New York 11222.

49. At all times hereinafter mentioned, Defendants, separately and jointly, were "employers," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order mass layoffs or plant closings described in this Complaint

50. At all times hereinafter mentioned, Defendants, separately and jointly, individuals or private business entities defined as "employer" under the NY WARN Act and continued to operate as a business until it ordered a mass layoff or plant closing described in this Complaint as defined by N.Y. Lab. Law §§ 860-A(3),(4).

## FACTUAL ALLEGATIONS

### *The Plant Closing*

51. Until February 6, 2025, Defendants employed 218 Class Members at 41 Box Street, Brooklyn, New York 11222.

52. On February 6, 2025, Defendants closed the business operations of Pace Plumbing.

53. Defendants terminated about 218 employees at the facility, including Plaintiff, without at least 60-days advance written notice.

54. Defendants advised Plaintiff and other Class Members of their termination on a Zoom conference meeting.

55. Defendants also sent Plaintiff and other Class Members a letter, attached as Exhibit A.

56. Defendants terminated Plaintiff and the other similarly situated former employees without cause on their part.

57. Defendants made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

### *Defendants' Deficient Notice*

58. Defendants terminated Plaintiff's employment as part of a mass layoff or a plant closing, as defined by 29 U.S.C. § 2101(a)(2)-(3) and NYLL § 860-a(4), (6), for which they were entitled to receive at least 60-days advance written notice under the WARN Acts.

59. On the day of the termination, Defendants sent letters to the Class Members advising them of the termination, which was the "result of a plant closing" in which "all employees working for [Pace Plumbing] will be terminated permanently on the Shut Down Date [February 6, 2025] or within the 14-day period starting on that Shut Down Date." *See* Ex. A.

60. Although Defendants blame the sudden termination of everyone's employment on their attempts to raise capitol and/or the sudden loss of funding, notice could have been provided without jeopardizing opportunities to raise capitol and the loss of any funding was a foreseeable consequence of the Defendants' owing their lender significant sums of money for an extended period of time and/or other reasonably foreseeable and known business circumstances.

## **CLASS ALLEGATIONS**

61. Plaintiff brings the First and Second Causes of Action on his own behalf and on behalf of those similarly situated, pursuant to Fed R. Civ. P. 23(a)-(b), 29 U.S.C. § 2104(a)(5), and N.Y. Lab. Law § 860-g(7).

62. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over 200 individuals in the Class.

63. There are questions of law and fact common to this Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the WARN Acts;

    b. Whether Defendants terminated the employment of the Class Representatives and the Class without cause on their part and without giving them 60-days advance written notice in violation of the federal WARN Act;

  c. Whether Defendants terminated the employment of the Class Representatives and the Class without cause on their part and without giving them 90-days advance written notice in violation of the NY WARN Act; and

  d. Whether Defendant unlawfully failed to pay Plaintiff and the Class 60-days wages and benefits as required by the WARN Acts;

  e. The proper measure of damages sustained by Plaintiff and the Class; and

  f. Whether Defendants should be enjoined from such violations in the future.

64. Plaintiff will fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

65. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

66. A class is superior to other available methods for the fair and efficient adjudication of the controversy, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

67. Further, Plaintiff and the Class have been equally affected by Defendants' failure to provide the requisite advance notice of termination or compensation pursuant to the WARN Acts.

68. Defendants acted or refused to act on grounds generally applicable to Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class was a whole.

69. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
(On behalf of Plaintiff and the Class)
WARN Act Violations

70.     Plaintiff realleges and incorporate by reference all preceding allegations.

71.     Defendants ordered mass layoffs and/or plant closings at the site, as that term is defined by 29 U.S.C. § 210l(a)(2) and 28 CFR § 639.3(i).

72.     The mass layoffs or plant closing at the site resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least 50 of Defendants' employees as well as over 33 percent of Defendants' workforce at the site, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

73.     Plaintiff and Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the site.

74.     Plaintiff and Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

75.     Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60-days advance written notice of their terminations.

76.     Defendants failed to give Plaintiff and Class Members written notice that complied with the requirements of the WARN Act.

77.     Plaintiff and the Class Members are "aggrieved employees" of Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

78.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of their termination is contained in Defendants'

records, as such, Plaintiff is unable to state at this time the exact amount due and owing to him and the Class.

79. Defendants failed to pay Plaintiff and each Class Member their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide COBRA and other benefits for 60 days from and after the dates of their respective terminations.

80. As a consequence of Defendants' violation of the WARN Act, alleged above, Plaintiff and the Class incurred damages and Defendants are indebted to them in the amount of the their respective unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions, COBRA, and other employee benefits for 60 days from and after the dates of their respective terminations, and equitable relief as the Court deems just and proper.

81. Plaintiff also seeks attorneys' fees, and costs to be paid by Defendants as provided by the WARN Act.

**SECOND CAUSE OF ACTION**
(On behalf of Plaintiff and the Class)
NY WARN Act Violations

82. Plaintiff realleges and incorporate by reference all preceding allegations.

83. Defendants ordered mass layoffs and/or plant closings at the site, as that term is defined by 29 U.S.C. § 210l(a)(2) and 28 CFR § 639.3(i).

84. The mass layoffs or plant closings at the Site resulted in "employment losses," as that term is defined by of N.Y. Lab. Law § 860-a(2) and 12 N.Y.C.R.R. § 921-1.1(f), for at least 25 of Defendants' employees as well as over 33 percent of Defendants' workforce at the site,

excluding "part-time employees," as that term is defined by N.Y. Lab. Law § 860-a(5) and 12 N.Y.C.R.R. § 921-1.1(f).

85. Plaintiff and Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the site.

86. Plaintiff and Class Members are "affected employees" of Defendants, within the meaning of N.Y. Lab. Law § 860-a(1) and 12 N.Y.C.R.R. § 921-1.1(a).

87. Defendants were required by the NY WARN Act to give Plaintiff and the Class Members at least 90-days advance written notice of their terminations.

88. Defendants failed to give Plaintiff and Class Members written notice that complied with the requirements of the NY WARN Act.

89. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of their termination is contained in Defendants' records, as such, Plaintiff is unable to state at this time the exact amount due and owing to him and the Class.

90. Defendants failed to pay Plaintiff and each Class Member their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 90 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide COBRA and other employee benefits for 90 days from and after the dates of their respective terminations.

91. As a consequence of Defendants' violation of the WARN Act, alleged above, Plaintiff and the Class incurred damages and Defendants are indebted to them in the amount of the their respective unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued

vacation pay, pension and 401(k) contributions, COBRA, and other employee benefits for 60 days from and after the dates of their respective terminations, and equitable relief as the Court deems just and proper.

92. Plaintiff also seeks attorneys' fees, and costs to be paid by Defendants as provided by the NY WARN Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

a. Certification of this action as a class action under Rule 23;

b. Designation of Plaintiff as the Class Representative;

c. Appointment of the Plaintiff's Counsel as Class Counsel;

d. A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions, COBRA, and other employee benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts; and

e. For further relief as this Court deems just and equitable.

Dated: Melville, New York
       February 12, 2025

                                                                         Respectfully submitted,

                                                                         /s/ Troy L. Kessler
                                                                            Troy L. Kessler

                                                                        KESSLER MATURA, P.C.
                                                                        534 Broadhollow Road, Ste. 275
                                                                        Troy L. Kessler
                                                                        Garrett Kaske
                                                                        Melville, New York 11747
                                                                        (631) 499-9100
                                                                        tkessler@kesslermatura.com
                                                                        gkaske@kesslermatura.com

                                                                        SUGAR LAW CENTER FOR
                                                                        ECONOMIC & SOCIAL JUSTICE

        John C. Philo*
        Anthony D. Paris*
        4605 Cass Ave., 2nd Floor
        Detroit, Michigan 48201
        (313) 993-4505
        jphilo@sugarlaw.org
        tparis@sugarlaw.org
        *pro hac vice application forthcoming*

        **Attorneys for Plaintiff and the Putative Class**

# EXHIBIT A



**PACE**
YES WE CAN.

February 6, 2025

Re: Notice pursuant to the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") and the federal Worker Adjustment and Retraining Notification Act ("WARN Act")

Dear Employee:

Pursuant to the NY WARN Act and the federal WARN Act, we write with the unfortunate news that the entire business operations of Pace Plumbing Corporation located at 41 Box Street, Brooklyn, NY 11222 (the "Company") are completely shutting down, effective February 6, 2025 (the "Shut Down Date"). This will cause the work being performed at all jobsites by the Company's employees to cease immediately. Also, as a result of this plant closing, all employees working for the Company will be terminated permanently on the Shut Down Date or within the 14-day period starting on that Shut Down Date. To the Company's best understanding, this affects all of the Company's 218 employed employees. The affected employees do not have bumping rights.

The Company would have given more notice of this closure but it was unable to do so before now for several reasons. The Company, through its parent companies, including but not limited to Eaglestone Holdings, LLC ("Eaglestone"), was actively seeking continued funding and forbearance from its primary lender pursuant to various credit facility and forbearance agreements, which Eaglestone and the Company reasonably believed would have enabled an orderly winddown of Pace Plumbing over an at least 90-day period to allow for timely notice under the NY WARN Act and the federal WARN Act. Indeed, Eaglestone has worked tirelessly seeking to obtain assurances and liquidity from its primary lender to complete the contemplated orderly winddown of Pace Plumbing and ensure a smooth transition of Pace Plumbing's projects to replacement contractors. During this process, Eaglestone and the Company reasonably believed that providing notice under the NY WARN Act and the federal WARN Act would have precluded the ability to obtain those assurances and that liquidity.

For the first time late in the evening on Tuesday, January 28, 2025, the primary lender informed Eaglestone that it had decided it would no longer fund the business beginning on Monday, February 3, 2025, and required Eaglestone to pay to the lender all capital Eaglestone and the Company could have used to continue to employ the Company's employees during the before-contemplated 90-day winddown period. This decision by the lender was sudden, dramatic and unexpected and, with no other avenues of funding from other sources available, required the Company to shut down and terminate all its employees on the Shut Down date.

You are also hereby notified that, as a result of your employment loss, you may be eligible to receive job retraining, re-employment services, or other assistance with obtaining new employment from the New York State Department of Labor or its workforce partners upon your termination. You may also be eligible for unemployment insurance benefits after your last day of employment. Whenever possible, the New York State Department of Labor will contact your employer to arrange to provide additional information regarding these benefits and services to you through workshops, interviews, and other activities that will be scheduled prior to the time your employment ends. If your job has already ended, you can also access

41 BOX STREET BROOKLYN, NY 11222
TEL: 718.389.6100

www.thepacecompanies.com



re-employment information and apply for unemployment insurance benefits on the Department's website or you may use the contact information provided on the website or visit one of the Department's local offices for further information and assistance.

The statements made in this notice are based on the best information currently available to the Company and I attest to them. Facts may change due to subsequent events. You will be provided additional information as required by law. If you have any questions, please contact me at 551 5th Avenue, 9th Floor, New York, NY 10176, HR@eaglestoneny.com or call 212-314-4993.

The Company thanks you for your service and wishes you the best in your future endeavors.

Sincerely,

Andrea Bondietti
**Senior Vice President Human Resources**



41 BOX STREET BROOKLYN, NY 11222                              www.thepacecompanies.com