# **Exhibit D**

# IN THE COURT OF CHANCERY
# FOR THE STATE OF DELAWARE

| | |
|---|---|
| In re:<br><br>EAGLESTONE, LLC, a Delaware limited liability company,<br><br>EAGLESTONE HOLDINGS, LLC, a Delaware limited liability company,<br><br>EAGLESTONE INTERMEDIATE HOLDINGS, LLC, a Delaware limited liability company,<br><br>EAGLESTONE ENERGY, LLC, a Delaware limited liability company,<br><br>EAGLESTONE SHARED SERVICES, LLC, a Delaware limited liability company,<br><br>PACE INTERMEDIATE, LLC, a Delaware limited liability company,<br><br>THE PACE COMPANIES NEW YORK, LLC, a Delaware limited liability company,<br><br>PINNACLE THERMAL SOLUTIONS, LLC, a Delaware limited liability company,<br><br>PACE PLUMBING DELAWARE CORP., a Delaware corporation,<br><br>PACE FIELD SERVICES, LLC, a Delaware limited liability company, | C.A. No. 2025-0176 (_____) |

| | |
|---|---|
| H.A.E. AIR, LLC, a Delaware limited liability company, and<br><br>SIDE BY SIDE SOLUTIONS, LLC, a Delaware limited liability company,<br><br>　　　　Assignors,<br>To:<br><br>PACE ABC, A Delaware Series LLC, a Delaware limited liability company,<br><br>　　　　Assignee. | |

# DECLARATION OF STEVEN L. VICTOR IN SUPPORT OF VERIFIED PETITION FOR ASSIGNMENT FOR THE BENEFIT OF CREDITORS

Dated: February 12, 2025

STATE OF ILLINOIS　　　　　)
COUNTY OF COOK　　　　　)

I, Steven L. Victor, do hereby depose and state:

1.　　I am the Senior Managing Director with Development Specialists, Inc. ("DSI"). Pace ABC, a Delaware Series LLC ("Assignee") is the appointed assignee for the benefit of creditors of Eaglestone, LLC, a Delaware limited liability company, Eaglestone Holdings, LLC, a Delaware limited liability company, Eaglestone Intermediate Holdings, LLC, a Delaware limited liability company, , Eaglestone Shared Services, LLC, a Delaware limited liability

DE:4930-1779-6887.4 18161.00001　　　　　　　　　2

company, Eaglestone Energy, LLC, a Delaware limited liability company, Pace Intermediate, LLC, a Delaware limited liability company; The Pace Companies New York, LLC, a Delaware limited liability company; Pinnacle Thermal Solutions, LLC, a Delaware limited liability company; Pace Plumbing Delaware Corp., a Delaware corporation[1]; Pace Field Services, LLC, a Delaware limited liability company; H.A.E. Air, LLC, a Delaware limited liability company; and Side by Side Solutions, LLC, a Delaware limited liability company (each an "Assignor", collectively, "Pace" or "Assignors").  I submit this declaration in support of the filed petition (the "Petition") in this proceeding.

2. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge and are based solely on my limited review of the Assignors' books and records made available to me by the Assignors, relevant documents and other information prepared or collected by the Assignors' representatives and presented to me or representatives of DSI, as well as

---

[1] Pace Plumbing Delaware Corp., f/k/a Pace Plumbing Corporation, a New York corporation, was reincorporated as a Delaware corporation on February 7, 2025.

discussions with executives, board members and other professional advisors of the Assignors or my opinion based on my experience with the Assignors regarding the operations and financial condition of the Assignors.  In making my statements and based on my discussions with the Assignors' executives and professional financial advisors, relevant documents and other information prepared or collected by the Assignors' representatives, I have relied upon these representatives to record and prepare this Declaration.  If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion (as referenced above).  I am authorized to submit this Declaration on behalf of the Assignee.

### The Assignee

3. Assignee is a series limited liability company of DSI ABCs, LLC. DSI is the sole and Managing Member of DSI ABCs, LLC. DSI is a restructuring and insolvency consulting firm. Assignee is one of a number of series limited liability companies formed under DSI ABCs, LLC, that have been before and are currently before this Court as assignees in Delaware ABC proceedings.

Entities affiliated with DSI have served as assignees in Assignment for the Benefit of Creditors proceedings in this Court over the past three years in the matters identified on **Exhibit 1**.

4. DSI ABCs, LLC and DSI have substantial experience in serving in fiduciary capacities, including serving as an assignee for the benefit of creditors, in both court supervised matters and out-of-court assignment estates in various jurisdictions. Assignee's supporting professionals and staff collectively have decades of experience administering assignment estates.

5. DSI was contacted by the Assignors regarding the potential for an assignment, and after participating in an interview conducted by the Assignors and its professionals, was retained by the Assignors on January 29, 2025, to evaluate and prepare for a possible assignment for the benefit of creditors, in which DSI's affiliate would serve as the assignee. Prior to the Assignment, Assignors paid DSI a retainer totaling $75,000.

6. Neither Assignee nor DSI has any agreement, arrangement or understanding concerning Assignors or their assets with any director, officer,

employee, or creditor of Assignors or any potential purchaser of assets assigned to Assignee.

7. On February 11, 2025, the Assignors executed and delivered to the Assignee its general assignment for the benefit of creditors of the Assignors (the "Assignment"), a copy of which is attached as **Exhibit A** to the Petition. The Assignors' authorizations to enter into the Assignment are attached hereto as **Exhibit 2**. The Assignee now holds the Assignors' assets (collectively, the "Assignment Estate"), as assignee for the benefit of creditors of the Assignors.

8. The Assignee is being paid an initial fee in the amount of $200,000 for the Assignment (the "Assignee Compensation") together with the hourly rate of DSI's professionals assigned to this assignment. The Assignors' cash in the amount of $1,641,562 transferred to the Assignee pursuant to the Assignment will be used to pay the Assignee's fees and the administrative expenses of the assignment estate, including but not limited to, counsel fees and expenses relating to the appraisals and establishment of the bond.

9. In comparison to the fee schedule governing bankruptcy trustees in the Bankruptcy Court for the District of Delaware, the Assignee is receiving an initial fee of $200,000 and the Assignee and its professionals are billing hourly. The Assignee, unlike a bankruptcy trustee, is not receiving compensation based on a percentage of all moneys disbursed or turned over in the case.

10. The Assignee engaged Pachulski Stang Ziehl & Jones LLP ("PSZJ") to serve as counsel for the preparation of the Assignment and to serve as counsel to the Assignee. PSZJ was retained as counsel to the Assignee for the Assignment. PSZJ, which bills hourly, was paid a $25,000 retainer for purposes of the preparation of the Assignment by DSI from the retainer ($75,000) it received from the Assignors.

**General Background**

11. From about April, 2019 through January, 2022, assignors and Eaglestone, LLC (f/k/a Pace Topco, LLC), Eaglestone Holdings, LLC (f/k/a Mako Holdco, LLC), and Eaglestone Intermediate Holdings, LLC (f/k/a Mako Intermediate Holdings, LLC) (the foregoing entities, collectively, "Eaglestone")

acquired various entities including, among others, P.J.M. Intermediate, LLC (together with its subsidiaries, collectively, "PJM"), CET Acquisition Holdings, LLC (together with its subsidiary, collectively, "CET"), and Pace Plumbing Corp. (f/k/a Pace Plumbing Corporation) (together with its affiliated entities, collectively, "Pace Plumbing"). Eaglestone, Pace Plumbing and their related entities are the Assignors herein.

12. PJM provided project design, estimation, fabrication, and installation services, for heating, ventilation, and air conditioning bonded and non-bonded jobs across commercial construction platforms in New York State and New York City. Its business address was 551 5th Avenue, 9th floor, New York, NY 10176.

13. CET provided design and installation services for electrical, energy efficient, and solar bonded and non-bonded jobs involving new construction and renovations for commercial and industrial projects. Its business address was 125 Blackstone River Road, Worcester, MA 01607.

14. On or about January 24, 2025, Eaglestone Intermediate Holdings, LLC closed on the sale of its equity interests in PJM. In connection with

the PJM transaction, the sum of $6,000,000 remains in escrow until 8 months after closing. If the balance of such escrow amount (less any purchase price adjustments and any indemnification claims) to be released equals to $3,000,000 or less, then BMO (as defined herein) shall be paid the entire balance and if the balance of such escrow amount to be released exceeds $3,000,000, then such excess is payable to the prior owners of PJM (predecessors of Eaglestone) and the remaining $3,000,000 is payable to BMO. The PJM transaction also contains an earnout amount for 2027 which is payable in early 2028 to Eaglestone or its designee. The earnout amounts are subject to set off for any indemnification claims made by the purchaser.

15. On or about February 5, 2025, Eaglestone Intermediate Holdings, LLC closed on the sale of its equity interests in CET. In connection with the CET transaction, the sum of $1,500,000 remains in escrow for a post-closing purchase price true up. If the final purchase price is determined to be greater than the initial estimated purchase price, then Eaglestone will receive an amount equal to the lesser of (a) such excess amount and (b) the escrow amount. If the final purchase price is determined to be lesser than the initial estimated purchase price, then (1)

purchaser will receive an amount equal to the lesser of (a) such shortfall amount and (b) the escrow amount and (2) Eaglestone will receive any funds remaining in the escrow account after payment of the foregoing to purchaser. There are no earnout amounts in the CET transaction.

16. Pace Plumbing provided mechanical, electrical, and plumbing services for bonded and non-bonded jobs involving commercial and residential construction platforms in New York State and New York City. Its business address was 41 Box Street, Brooklyn, NY 11222. The corporate chart for the Assignors is attached hereto as **Exhibit 3**.

### The Assignors' Secured Debt Obligations

17. In connection with Eaglestone's purchase of PJM, CET, and Pace Plumbing (among other entities), Eaglestone, PJM, CET, Pace Plumbing and certain other entities entered into that certain Amended and Restated Credit Agreement, dated as of July 29, 2019 ("Initial Credit Agreement"), pursuant to which, among other things, BMO Bank, N.A. ("BMO") and the certain lenders party thereto, provided PJM, CET, Pace Plumbing, and other affiliated entities a Term Loan

Facility (as defined therein) and Revolving Credit Facility (as defined therein), each secured by a first priority lien and security interest in substantially all the assets of Pace Plumbing (and certain other entities), including cash. Since July 2019, the Initial Credit Agreement has been amended numerous times, including pursuant to that certain Forbearance, Limited Waiver and Fifth Amendment to Amended and Restated Credit Agreement, dated as of July 3, 2024 (the "Forbearance Agreement"), and subsequently, pursuant to that certain Second Amendment to Forbearance and Sixth Amendment to Amended and Restated Credit Agreement, dated as of September 6, 2024 (the "Amended Forbearance Agreement"). Under the Amended Forbearance Agreement, the Initial Forbearance Expiration Date (as defined in the Amended Forbearance Agreement) was extended from September 1, 2024, to September 30, 2025. The most recent amendment was entered into on September 19, 2024, pursuant to that certain Seventh Amendment to Amended and Restated Credit Agreement. Further, Eaglestone, PJM, CET, Pace Plumbing and certain other entities entered into that certain Priority Working Capital Credit Agreement, dated as of September 6, 2024 ("PWC Credit Agreement"), pursuant to which BMO and the

certain lenders party thereto, among other things, provided further credit to Eaglestone, PJM, CET, Pace Plumbing, and other affiliated entities in the form of a Term Loan Facility (as defined therein) and Revolving Credit Facility (as defined therein), each secured by a first priority lien and security interest in substantially all the assets of Pace Plumbing (and certain other entities), including cash.

18. As of February 12, 2025, BMO is owed approximately $141,936,928.63 for outstanding borrowings under the Initial Credit Agreement, the Forbearance Agreement, the Amended Forbearance Agreement and the PWC Credit Agreement.

**The Assignors and Events Leading to the Assignment**

19. The Assignors are either Delaware limited liability companies or corporations and either have or are in the process of vacating their prior business location at 41 Box Street, Brooklyn, NY 11222.

20. In or about May 2024, Pace Plumbing, and various other affiliates experienced certain key industry, operational, and financial hurdles. Pace Plumbing began to recognize significant project losses as a result of large, fixed price

contracts that continued to incur substantial. Since then, the aforesaid entities have faced additional challenges, including organizational and process issues, tax liabilities, and various litigation claims.

21. While Pace Plumbing took a number of proactive steps to assess and address its financial condition in an effort to remain viable, it ultimately had insufficient funds made available under the Amended Forbearance Agreement or any other actionable avenue to obtain funding from other likely sources. Consequently, Pace Plumbing had no choice but to completely close its operations and lay off all its employees on Thursday, February 6, 2025 and seek the assignment herein to wind down its affairs.

*[Remainder of page intentionally left blank]*

I declare under penalty of perjury under the laws of the United States of America and under the laws of the State of Illinois that the foregoing is true and correct.

_____
Steven L. Victor
Executive Manager
Pace ABC, a Delaware Series LLC

**SWORN TO AND SUBSCRIBED** before me, a notary/clerk of the Court for the County of State aforesaid, on the ____ day of ____, 2025.

_____
Notary Public

Alvaro F. Gutierrez
Notary Public, State of New York
No. 01GU6368081
Qualified in Bronx County
Commission Expires December 4, 2025