

Adam S. Mocciolo

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

T: 212 880 3800
F: 212 880 8965
DirF: 212 259 8511
adam.mocciolo@akerman.com

May 20, 2025

Via CM/ECF
Hon. Ramon E. Reyes, Jr.
U.S. District Court
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    *Konopka et al v Pace Plumbing Corp., et al*, 1:25-cv-00811-RER-CLP
            Request for pre-motion conference
            Motion to dismiss pursuant to FRCP 12(b)(6)

Dear Judge Reyes,

      My firm represents defendant Aterian Investment Management L.P. in the above-referenced case. By this letter, Aterian respectfully requests a pre-motion conference for the purpose of filing a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil procedure 12(b)(6).

      This a WARN Act case and putative class action, the gravamen of which is that workers including the named individual plaintiffs, members of the plaintiff union, and absent members of the putative class were allegedly laid off from a group of plumbing businesses in Brooklyn, New York without the advanced notice required by the WARN Act and New York's mini-WARN Act. The operative First Amended Complaint seeks to plead "single employer" claims against the operating companies alleged to have employed and laid off the workers in question, a holding company alleged to be or have been the owner of the operating companies, and my client, Aterian, alleged to be a private equity firm that invested in the holding company.

      As your Honor will be aware, the Second Circuit has "adopted the five non-exclusive factors set forth in … Department of Labor … regulations to determine if related entities are single employers … as the test to be applied … to determine whether WARN liability is to be imposed on an equity investor." *Guippone v. BH S & B Holdings LLC*, 737 F.3d 221, 226 (2d Cir. 2013). These factors include (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations. *Id.*

Hon. Ramon E. Reyes, Jr.
May 20, 2025
Page 2

_____

      The basis of the intended motion, without limitation or waiver of any other ground, is that the plaintiffs have failed to adequately plead <u>any</u> of these five factors as to Aterian.  The complaint does not even attempt to speak to the first, second, and fifth factors.  Indeed, in some places it expressly contradicts them, as, for example, where it includes an entity chart that depicts some five separate ownership layers between Aterian and the operating companies, which necessarily fails to satisfy the <u>direct</u> ownership required for the first factor of the test. Doc. 8, Exh. C; *Chain v. N. E. Freightways, Inc.*, No. 16 CIV. 3371 (JCM), 2020 WL 7481142, at *11 (S.D.N.Y. Dec. 18, 2020) ("Ownership must be direct and cannot be held through other investment companies.").  As to the other two – de facto exercise of control and unity of personnel policies – the complaint only alleges, "on information and belief," that a partner in Aterian was "involved in the decisions to sell off various parts of Defendants' business" and was "involved in and influenced the decision to terminate the Class Members['] employment and disregard the obligations of the WARN Acts." Doc. 8, ¶¶ 165-66.  Apart from being entirely conclusory, this allegation would not satisfy those factors of the test even if it were well-pleaded, as the criterion in the case law is not involvement or influence, but <u>control</u>. *Guippone*, 737 F.3d at 227 ("The factor is appropriately utilized … if the parent ... was <u>the</u> decision-maker responsible for the employment practice giving rise to the litigation … [This] prong allows the factfinder to consider whether the parent has <u>specifically directed</u> the allegedly illegal employment practice that forms the basis for the litigation.") (emphases added).

      Aterian intends to seek dismissal with prejudice because the challenged complaint is already the plaintiffs' second.  They attempted to plead a single-employer theory as among the other defendants in the original complaint, so they were aware of and understood what was entailed in such a pleading.  In the First Amended Complaint, they have sought specifically to implead Aterian, and despite presumably putting forward everything they believe might enable them to do so satisfactorily, have only mustered the conclusory allegations set out above, and those only on "information and belief."  A further attempt would be futile, and would impose an unfair additional burden and expense on Aterian to respond.

Sincerely,

*/s/ Adam S. Mocciolo*

Adam S. Mocciolo
Partner
For the Firm


cc:    Counsel of record (w/ copy of proposed motion and supporting memorandum)

81482938;1