UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KONOPKA and DRAGAN BOSOTINA, and on behalf of themselves and all others similarly situated, PLUMBERS LOCAL UNION NO. 1 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND FITTING INDUSTRY OF THE UNITED STATES AND CANADA, TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, and 401(k) SAVINGS PLAN, TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>                                                      Plaintiffs,<br><br>-against-<br><br>PACE PLUMBING CORP., PACE PLUMBING DELAWARE CORP., THE PACE COMPANIES NEW YORK LLC, PACE FIELD SERVICES, LLC d/b/a PACE MECHANICAL, and EAGLESTONE, LLC d/b/a EAGLESTONE NY, LLC, and ATERIAN INVESTMENT MANAGEMENT, LP d/b/a ATERIAN INVESTMENT PARTNERS,<br><br>                                                      Defendants. | 25 CV 811 (RER) (CLP) |

**MEMORANDUM OF LAW IN SUPPORT OF VIRGINIA & AMBINDER, LLP'S
<u>MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFFS</u>**

Adrianna R. Grancio, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
agrancio@vandallp.com

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 1.4(b)(2), Virginia & Ambinder, LLP ("V&A"), counsel for Plaintiffs the Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan (the "Local 1 Funds"), Trustees of the United Association National Pension Fund (the "UANPF"), and the Trustees of the International Training Fund (the "ITF," together with the UANPF, the "National Funds") (the Local 1 Funds and the National Funds collectively referred to herein as the "Funds"), submit this memorandum of law in support of its motion to withdraw as counsel. Given the parties' mutual decision to terminate the attorney-client relationship and the absence of any resulting undue delay, the Court should grant V&A's motion to withdraw as counsel. Accordingly, V&A respectfully request that the Court grant its motion to withdraw as counsel to the Plaintiffs.

## PROCEDURAL HISTORY AND RELEVANT FACTS

This action was commenced against Defendants on February 12, 2024. *See* Declaration of Adrianna R. Grancio, Esq. ("Grancio Decl.") ¶ 3. On March 12, 2025, an amended complaint was filed *inter alia* adding the Funds. *Id.* at ¶ 4. On April 29, 2025, the Clerk of the Court issued a certificate of default with respect to Defendants Eaglestone LLC, Pace Field Services, LLC, Pace Plumbing Corp., Pace Plumbing Delaware Corp., and The Pace Companies New York LLC. *Id.* at ¶ 5. On May 20, 2025, Defendant Aterian Investment Management, LP ("Aterian") filed a letter motion for a pre-motion conference in anticipation of its motion to dismiss. *Id.* at ¶ 6. On June 23, 2025, the Court issued a briefing schedule for Aterian's motion to dismiss, with Defendant to serve its motion by July 15, 2025, Plaintiffs' respective opposition papers due by August 15, 2025, and Aterian's reply by September 15, 2025. Aterian shall then file a bundled motion on ECF by September 15, 2025. *Id.* at ¶ 8.

1

V&A and the Plaintiffs mutually agreed to terminate the attorney-client relationship. Plaintiffs have retained counsel from the law firm of O'Donoghue & O'Donoghue, LLP. *Id.* at ¶ 10-11; Ex. A. No trial date has been set. *See* Dkt., *generally*. O'Donoghue has confirmed that it does not intend to seek modification of any existing deadlines or dates for court appearances in this case. *Id*. at ¶ 11; Ex. B. V&A is not asserting a retaining or charging lien. *Id.* at ¶ 12.

## ARGUMENT

Under Local Civil Rule 1.4(b), "an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court…Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any on the calendar, and whether or not the attorney is asserting a retaining or charging lien…" Moreover, an affidavit is not required where substitution is made by stipulation signed by the client and where no modification of existing deadlines or scheduled dates is being sought. *See* Local Civil Rule 1.4(b)(2).

The decision to grant or deny a motion to withdraw as counsel lies within the sound discretion of the district court. *Finkel v. Fraterrelli Brothers, Inc.*, 05-CV-1551 (ADS) (AKT), 2006 U.S. Dist. LEXIS 110388, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). In determining whether to grant a motion to withdraw as counsel, courts in this District consider two factors (1) the reasons for the withdrawal and (2) the impact on the timing and progress of the proceedings. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist. LEXIS 16674, at *1 (S.D.N.Y. Feb. 17, 2011); *see also Marciano v. DCH Auto Grp.*, 2016 U.S. Dist. LEXIS 202519, at *1 (S.D.N.Y. Feb. 2, 2016).

In evaluating motions to withdraw, courts often look to the New York Rules of Professional Conduct ("NYRPC"), which govern the conduct of attorneys practicing in New York's federal

2

courts. *See Papadatos v. Home Depot U.S.A, Inc.*, 2022 U.S. Dist. LEXIS 104245, 2022 WL 2612353, at *1 n.1 (E.D.N.Y. June 10, 2022) ("The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." (citation omitted)). NYRPC Rule 1.16(c)(10) permits withdrawal where "the client knowingly and freely assents to termination of the employment." Moreover, courts in this district have consistently held that Local Rule 1.4 *requires* granting a motion to withdraw when the client has consented to termination of counsel. *Gatsby Yacht Grp., LLC v. M/Y "EAST BOUND & DOWN*," 2020 U.S. Dist. LEXIS 267701at *1 (E.D.N.Y. Oct. 16, 2020) (citing *Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779, *4 (S.D.N.Y. May 26, 1999)). Denial of such a motion is only warranted in the most compelling circumstances. *Id.*

Here, V&A and the Plaintiffs have mutually agreed to terminate the attorney-client relationship. The Plaintiffs have freely and knowingly consented to this termination and have retained new counsel from the law firm of O'Donoghue. *See* Ex. A. Moreover, withdrawal will not unreasonably delay this matter since discovery has not concluded, and no trial date has been set. *Schwartz v. AMF Bowling Ctrs., Inc.*, 746 F. Supp. 3d 1, 7 (E.D.N.Y. Aug. 5, 2024) (recognizing no undue delay where a trial date has not been set); *Bueno v. Allcity Med., P.C.*, 2023 U.S. Dist. LEXIS 186121, at *2 (S.D.N.Y. Oct. 17, 2023) (granting withdrawal where discovery has not yet closed and the case is not on the verge of trial readiness); *Brown v. National Survival Games, Inc.*, 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y. Nov. 18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial. . . . granting the instant motion will not likely cause undue delay"). Additionally, O'Donoghue has confirmed that it does not intend to seek modification of any existing deadlines or dates for court appearances in this case. Grancio Decl. ¶ 11.

3

Given the parties' mutual decision to terminate the attorney-client relationship and the absence of any resulting undue delay, the Court should grant V&A's motion to withdraw as counsel.

## **CONCLUSION**

For the foregoing reasons, V&A respectfully requests that the Court grant its Motion and issue an order substituting O'Donoghue as counsel of record for the Plaintiffs in place and instead of V&A, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 1, 2025

Respectfully submitted,

**VIRGINIA & AMBINDER**

*/s/ Adrianna R. Grancio*
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
agrancio@vandallp.com
*Attorneys for Plaintiffs*

4

## WORD COUNT CERTIFICATION

I, Adrianna R. Grancio, Esq., an attorney admitted to practice in the court of the State of New York, affirm the following to be true under penalties of perjury:

1. I am counsel of record for Plaintiffs the Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan, Trustees of the United Association National Pension Fund, and the Trustees of the International Training Fund.

2. The Memorandum of Law in Support of Virginia & Ambinder, LLP's Motion to Withdraw as Counsel to Plaintiffs dated July 1, 2025, contains 1,070 words exclusive of the caption and signature block, and thus does not exceed the word count limit of 8,750 as set forth in E.D.N.Y. Local Civil Rule 7.1(c). *See* E.D.N.Y. Local Civil Rule 7.1(c).

Dated: New York, New York
      July 1, 2025

**VIRGINIA & AMBINDER, LLP**

*/s/ Adrianna R. Grancio*
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
agrancio@vandallp.com
*Attorneys for Plaintiffs*