**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

MICHAL KONOPKA and DRAGAN
BOSOTINA, and on behalf of themselves and all
others similarly situated, PLUMBERS UNION
LOCAL NO. 1 OF THE UNITED
ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND
FITTING INDUSTRY OF THE UNITED
STATES AND CANADA, TRUSTEES OF THE
PLUMBERS LOCAL UNION NO. 1
WELFARE FUND, TRADE EDUCATION
FUND, and 401(k) SAVINGS PLAN,
TRUSTEES OF THE UNITED ASSOCIATION
NATIONAL PENSION FUND, and TRUSTEES
OF THE INTERNATIONAL TRAINING
FUND,

                        Plaintiff,

     - against -


PACE PLUMBING CORP., PACE PLUMBING
DELAWARE CORP., THE PACE
COMPANIES NEW YORK, LLC, PACE
FIELD SERVICES, LLC d/b/a PACE
MECHANICAL, and EAGLESTONE, LLC
d/b/a EAGLESTONE NY, LLC, and ATERIAN
INVESTMENT MANAGEMENT, LP d/b/a
ATERIAN INVESTMENT PARTNERS,

                    Defendants.

---

1:25-cv-00811-RER-CLP


**DEFENDANT ATERIAN**
**INVESTMENT MANAGEMENT**
**LP'S ANSWER**

 

Defendant Aterian Investment Partners L.P. ("Aterian") hereby responds to the plaintiffs'

First Amended Class Action Complaint (doc. 8) as follows:

1

[Introduction] To the extent the unnumbered introductory paragraph of the complaint makes any allegations requiring an answer, Aterian denies such allegations, and denies any liability for the plaintiffs' purported claims.

## PRELIMINARY STATEMENT

1.      Denied that Aterian is liable under the enumerated statutes on which the plaintiffs purport to sue, or is otherwise liable to the plaintiffs or members of the putative class.  To the extent any remaining allegations of paragraph 1 require a response, Aterian denies them.

2.      Denied that Aterian terminated any of the referenced employees' employment, violated the WARN Act, or is liable to the plaintiffs for back wages and benefits or for any other relief.  Admitted that one or more of the other defendants terminated the employment of some number of their employees in or around early 2025.  Aterian lacks sufficient information to admit or deny the remaining allegations of paragraph 2, if any, and leaves the plaintiffs to their proof.

3.      Admitted that the action has been brought as a putative class action.  Denied that the action should be litigated as a class action.

4.      Admitted that the action has been brought as a putative class action.  Denied that the action should be litigated as a class action.

5.      Admitted that the action has been brought as a putative class action.  Denied that the action should be litigated as a class action.

## JURISDICTION AND VENUE

6.      Admitted that this court has federal-question jurisdiction over the plaintiffs' putative claims under 21 USC § 2104.  Otherwise, denied.

7.      Admitted that to the extent the court has federal question jurisdiction over the plaintiffs' putative claims under 21 USC § 2104, it also has supplemental jurisdiction over the plaintiff's putative state-law claims as they presently appear in the complaint.  Otherwise, denied.

8.      Denied that "Defendants," collectively, had a place of business at 41 Box Street, Brooklyn.  Admitted that Aterian does business in New York.  Aterian lacks sufficient information to admit or deny that the other defendants presently do business in New York, and leaves the plaintiffs to their proof.

9.      Without admitting that any of the specific acts alleged in the complaint did occur, admitted that activities relevant to venue of this action took place in Brooklyn.

10.      Admitted.

## THE PARTIES

**Plaintiff Michael Konopka**

11.      Aterian lacks information sufficient to admit or deny the allegations of paragraph 11, and leaves the plaintiffs to their proof.

12.      Denied that Aterian employed Konopka.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 12, and leaves the plaintiffs to their proof.

13.      Denied that Aterian employed Konopka.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 13, and leaves the plaintiffs to their proof.

14.      Aterian lacks information sufficient to admit or deny the allegations of paragraph 14, and leaves the plaintiffs to their proof.

15.      Aterian lacks information sufficient to admit or deny the allegations of paragraph 15, and leaves the plaintiffs to their proof.

16.      Denied.

**Plaintiff Dragan Bosotina**

17.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 17, and leaves the plaintiffs to their proof.

18.    Denied that Aterian employed Bosotina.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 18, and leaves the plaintiffs to their proof.

19.    Denied that Aterian employed Bosotina.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 19, and leaves the plaintiffs to their proof.

20.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 20, and leaves the plaintiffs to their proof.

21.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 21, and leaves the plaintiffs to their proof.

22.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 22, and leaves the plaintiffs to their proof.

23.    Denied.

**Plaintiff Local Union No. 1…**

24.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 24, and leaves the plaintiffs to their proof

25.    Denied that Aterian employed the referenced "Plumbers."  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 25, and leaves the plaintiffs to their proof.

26.    Denied that Aterian employed the referenced "Plumbers."  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 26, and leaves the plaintiffs to their proof.

27.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 27, and leaves the plaintiffs to their proof.

28.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 28, and leaves the plaintiffs to their proof.

29.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 29, and leaves the plaintiffs to their proof.

30.     Denied that Aterian employed the referenced "Plumbers" or undertook the alleged "mass layoff and plant closing."  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 30, and leaves the plaintiffs to their proof.

**Plaintiffs Trustees of the Plumbers Union Local No. 1 Welfare Fund…**

31.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 31, and leaves the plaintiffs to their proof.

32.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 32, and leaves the plaintiffs to their proof.

33.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 33, and leaves the plaintiffs to their proof.

34.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 34, and leaves the plaintiffs to their proof.

35.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 35, and leaves the plaintiffs to their proof.

36.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 36, and leaves the plaintiffs to their proof.

37.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 37, and leaves the plaintiffs to their proof.

38.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 38, and leaves the plaintiffs to their proof.

39.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 39, and leaves the plaintiffs to their proof.

40.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 40, and leaves the plaintiffs to their proof.

41.     Admitted that on or around February 6, 2025, the business operations of Place Plumbing Corporation shut down.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 41, if any, and leaves the plaintiffs to their proof.

42.     Admitted that on or around February 6, 2025, the business operations of Place Plumbing Corporation shut down.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 42, if any, and leaves the plaintiffs to their proof.

43.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 43, and leaves the plaintiffs to their proof.

44.     Denied that Aterian undertook the alleged "mass layoffs" and "plant closing," and that Aterian has harmed the Funds.   Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 44, and leaves the plaintiffs to their proof.

**Defendants Pace Plumbing Corp and Place Plumbing Delaware Corp.**

45.     Admitted, without any admission thereby as to a particular point in time.

6

46.     Admitted that on or around February 6, 2025, Pace Plumbing Corp. had a place of business at 41 Box Street, Brooklyn, New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 47, if any, and leaves the plaintiffs to their proof.

47.     Admitted that on or around February 6, 2025, Pace Plumbing Corp. had a place of business at 41 Box Street, Brooklyn, New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 47, if any, and leaves the plaintiffs to their proof.

48.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 48, and leaves the plaintiffs to their proof.

49.     Aterian neither admits nor denies the allegations of paragraph 49, as they purport to describe the contents of a document that speaks for itself.

50.     Aterian neither admits nor denies the allegations of paragraph 50, as they purport to describe the contents of a document that speaks for itself.

51.     Aterian neither admits nor denies the allegations of paragraph 51, as they purport to describe the contents of a document that speaks for itself.

52.     Aterian neither admits nor denies the allegations of paragraph 52, as they purport to describe the contents of a document that speaks for itself.

53.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 53, and leaves the plaintiffs to their proof.

54.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 54, and leaves the plaintiffs to their proof.

55.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 55, and leaves the plaintiffs to their proof.

56.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 56, and leaves the plaintiffs to their proof.

57.    Aterian neither admits nor denies the allegations of paragraph 57, as they purport to describe the contents of a document that speaks for itself.

58.    Aterian neither admits nor denies the allegations of paragraph 58, as they purport to describe the contents of a document that speaks for itself.

59.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 59, and leaves the plaintiffs to their proof.

60.    Aterian neither admits nor denies the allegations of paragraph 60, as they purport to describe the contents of a document that speaks for itself.

61.    Aterian neither admits nor denies the allegations of paragraph 62, as they purport to describe the contents of a document that speaks for itself.

62.    Aterian neither admits nor denies the allegations of paragraph 63, as they purport to describe the contents of a document that speaks for itself.

63.    Aterian neither admits nor denies the allegations of paragraph 64, as they purport to describe the contents of a document that speaks for itself.

64.    Denied.

**Defendants The Pace Companies, LLC**

65.    Admitted that The Pace Companies LLC was not a New York corporation and that at some time it was authorized to do business in New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 65, if any, and leaves the plaintiffs to their proof.

66. Aterian lacks information sufficient to admit or deny the allegations of paragraph 66, and leaves the plaintiffs to their proof.

67. Aterian lacks information sufficient to admit or deny the allegations of paragraph 67, and leaves the plaintiffs to their proof.

68. Aterian lacks information sufficient to admit or deny the allegations of paragraph 68, and leaves the plaintiffs to their proof.

69. Admitted that on or around February 6, 2025, The Pace Companies, LLC had a place of business at 41 Box Street, Brooklyn, New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 69, if any, and leaves the plaintiffs to their proof.

70. Admitted that on or around February 6, 2025, The Pace Companies, LLC had a place of business at 41 Box Street, Brooklyn, New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 70, if any, and leaves the plaintiffs to their proof.

71. Aterian neither admits nor denies the allegations of paragraph 71, as they purport to describe the contents of a document that speaks for itself.

72. Aterian neither admits nor denies the allegations of paragraph 72, as they purport to describe the contents of a document that speaks for itself.

73. Aterian neither admits nor denies the allegations of paragraph 73, as they purport to describe the contents of a document that speaks for itself.

74. Aterian neither admits nor denies the allegations of paragraph 74, as they purport to describe the contents of a document that speaks for itself.

75.     Aterian neither admits nor denies the allegations of paragraph 75, as they purport to describe the contents of a document that speaks for itself.

76.     Aterian neither admits nor denies the allegations of paragraph 76, as they purport to describe the contents of a document that speaks for itself.

77.     Aterian neither admits nor denies the allegations of paragraph 77, as they purport to describe the contents of a document that speaks for itself.

**Defendants Pace Field Services, LLC**

78.     Admitted that Pace Field Services LLC was not a New York corporation and that at some time it was authorized to do business in New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 78, if any, and leaves the plaintiffs to their proof

79.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 79, and leaves the plaintiffs to their proof.

80.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 80, and leaves the plaintiffs to their proof.

81.     Admitted that on or around February 6, 2025, Pace Field Services LLC had a place of business at 41 Box Street, Brooklyn, New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 81, if any, and leaves the plaintiffs to their proof.

82.     Admitted that on or around February 6, 2025, Pace Field Services LLC had a place of business at 41 Box Street, Brooklyn, New York.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 82, if any, and leaves the plaintiffs to their proof.

83.     Aterian lacks information sufficient to admit or deny the allegations of paragraph 83, and leaves the plaintiffs to their proof.

84. To the extent that Pace Field Services, LLC employed workers who did not belong to unions, denied that it did so "for" the Pace Defendants. Aterian lacks information sufficient to admit or deny the allegations of paragraph 84, if any, and leaves the plaintiffs to their proof.

85. Aterian neither admits nor denies the allegations of paragraph 85, as they purport to describe the contents of a document that speaks for itself.

86. Aterian neither admits nor denies the allegations of paragraph 86, as they purport to describe the contents of a document that speaks for itself.

87. Aterian neither admits nor denies the allegations of paragraph 87, as they purport to describe the contents of a document that speaks for itself.

88. Aterian neither admits nor denies the allegations of paragraph 88, as they purport to describe the contents of a document that speaks for itself.

89. Aterian neither admits nor denies the allegations of paragraph 89, as they purport to describe the contents of a document that speaks for itself.

**Defendant Eaglestone, LLC**

90. Denied.

91. Denied.

92. Aterian neither admits nor denies the allegations of paragraph 92, as they purport to describe the contents of a document that speaks for itself.

93. Aterian neither admits nor denies the allegations of paragraph 93, as they purport to describe the contents of a document that speaks for itself.

94. Aterian neither admits nor denies the allegations of paragraph 94, as they purport to describe the contents of a document that speaks for itself.

95.     Aterian presently lacks knowledge sufficient to admit or deny the allegations of paragraph 95, as to the extent that Eaglestone LLC still exists or has any operations, its wind-down is being handled by others.

**Defendant Aterian Investment Management L.P.**

96.     Admitted that Aterian Investment Management L.P. does business in New York. Denied that it is a Delaware corporation.

97.     Admitted that Aterian Investment Management L.P. indirectly held an ownership interest in Eaglestone, LLC, without any admission as any particular time or times at which it did so.  Denied that Aterian Investment Management L.P. was Eaglestone L.P.'s parent company.  The remaining allegations of paragraph 97, if any, are denied.

98.     Admitted that Aterian Investment Management L.P. indirectly held an ownership interest in Eaglestone, LLC, without any admission as any particular time or times at which it did so.  The remaining allegations of paragraph 98, if any, are denied.

99.     Aterian neither admits nor denies the allegations of paragraph 99, as they purport to describe the contents of a document that speaks for itself.

100.     Aterian neither admits nor denies the allegations of paragraph 100, as they purport to describe the contents of a document that speaks for itself.

101.     Admitted that Aterian Investment Management L.P. is a middle market private equity fund that sometimes invests in businesses that are financially or operationally challenged, and that it gives attention to the operations of companies in which it invests.  Otherwise, denied.

102.     Admitted that Aterian Investment Management L.P. sometimes invests in turnarounds, distressed situations, restructurings, carve-outs, underperformers or other complex investment situations, that it sometimes invests in middle-market companies with $25 million to

$500 million of revenue, that it gives attention to the management teams of its portfolio companies and to critical growth, cost and liquidity initiatives of companies in which it is invested, and that it seeks to drive value creation.  Otherwise, denied.

103.    Aterian neither admits nor denies the allegations of paragraph 103, as they purport to describe the contents of a document that speaks for itself.

104.    Aterian neither admits nor denies the allegations of paragraph 104, as they purport to describe the contents of a document that speaks for itself.

105.    Aterian neither admits nor denies the allegations of paragraph 105, as they purport to describe the contents of a document that speaks for itself.

106.    Admitted.

**Defendants**

107.    Denied that Aterian employed and terminated the putative class members.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 107, and leaves the plaintiffs to their proof.

108.    Denied that Aterian issued letters to the putative class members.  Aterian neither admits nor deny the so much of the allegations of paragraph 108 as purport to describe the contents of the referenced letters, as the documents speak for themselves.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 108, if any, and leaves the plaintiffs to their proof.

109.    Denied that Aterian held out Bondietti as its Senior Vice President of Human Resources.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 109, and leaves the plaintiffs to their proof.

110.   Aterian neither admits nor denies the allegations of paragraph 110, as they purport to describe the contents of a document that speaks for itself.

111.   Aterian neither admits nor denies the allegations of paragraph 111, as they purport to describe the contents of a document that speaks for itself.

112.   Aterian lacks information sufficient to admit or deny the allegations of paragraph 112, and leaves the plaintiffs to their proof.

113.   Aterian lacks information sufficient to admit or deny the allegations of paragraph 113, and leaves the plaintiffs to their proof.

114.   Aterian presently lacks knowledge sufficient to admit or deny the allegations of paragraph 114, as the wind-down of the referenced entities, to the extent that they still exist, is being handled by others.

115.   Denied.

116.   Aterian lacks information sufficient to admit or deny the allegations of paragraph 116, and leaves the plaintiffs to their proof.

117.   Aterian lacks information sufficient to admit or deny the allegations of paragraph 117, and leaves the plaintiffs to their proof.

118.   Aterian lacks information sufficient to admit or deny the allegations of paragraph 118, and leaves the plaintiffs to their proof.

119.   Aterian lacks information sufficient to admit or deny the allegations of paragraph 119, and leaves the plaintiffs to their proof.

120.   Aterian lacks information sufficient to admit or deny the allegations of paragraph 120, and leaves the plaintiffs to their proof.

121.   Denied.

122.    Denied.

123.    Denied that the Pace Defendants and Eaglestone LLC had a centralized IT department.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 134, if any, and leaves the plaintiffs to their proof.

124.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 124, and leaves the plaintiffs to their proof.

125.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 125, and leaves the plaintiffs to their proof.

126.    Admitted that Jason Richards signed a document entitled General Assignment for the Benefit of Creditors purportedly on behalf of Eaglestone, LLC, Eaglestone Intermediate Holdings, LLC, Eaglestone Shared Services, LLC, Pace Intermediate, LLC, The Pace Companies New York, LLC, Pace Plumbing Delaware Corp., and Pace Field Services, LLC.  Aterian neither admits nor denies so much of the allegations of paragraph 126 as purport to describe the contents of that document, as the document speaks for itself.  Otherwise, denied.

127.    Aterian neither admits nor denies the allegations of paragraph 127, as they purport to describe the contents of a document that speaks for itself.

128.    Aterian neither admits nor denies the allegations of paragraph 128, as they purport to describe the contents of a document that speaks for itself.

129.    Denied.

130.    Aterian neither admits nor denies the allegations of paragraph 130, as they purport to describe the contents of a document that speaks for itself.

131.    Aterian neither admits nor denies the allegations of paragraph 131, as they purport to describe the contents of a document that speaks for itself.

132.    Aterian neither admits nor denies the allegations of paragraph 132, as they purport to describe the contents of a document that speaks for itself.

133.    Aterian neither admits nor denies the allegations of paragraph 133, as they purport to describe the contents of a document that speaks for itself.

134.    Denied that Aterian was an employer, and that the defendants collectively were employers, of the individual plaintiffs or of the putative class members within the meaning of referenced statutes, that the defendants collectively "operated as a business," and that Aterian, or the defendants collectively as a single business, decided to order mass layoffs or plant closings. Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 134, if any, and leaves the plaintiffs to their proof.

135.    Denied that Aterian was an employer, and that the defendants collectively were employers, of the individual plaintiffs or of the putative class members within the meaning of referenced statute, that the defendants collectively "operated as a business," and that Aterian , or the defendants collectively as a single business, decided to order mass layoffs or plant closings. Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 135, if any, and leaves the plaintiffs to their proof.

## **FACTUAL ALLEGATIONS**

### *The Plant Closing*

136.    Denied that Aterian employed members of the putative class.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 136, and leaves the plaintiffs to their proof.

16

137.    Denied that Aterian closed the business operations of Eaglestone, LLC and the Pace Defendants.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 137, and leaves the plaintiffs to their proof.

138.    Denied that Aterian terminated the employment of the referenced employees. Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 138, and leaves the plaintiffs to their proof.

139.    Denied that Aterian advised Konopka, Bosotina, and members of the putative class of the termination of their employment.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 139, and leaves the plaintiffs to their proof.

140.    Denied that Aterian sent the plaintiffs and members of the putative class letters. Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 140, and leaves the plaintiffs to their proof.

141.    Denied that Aterian terminated the employment of Konopka, Bosotina, or others similarly situated.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 141, and leaves the plaintiffs to their proof.

142.    Denied that Aterian made the decision to terminate the employment of the plaintiffs and other similarly situated.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 142, and leaves the plaintiffs to their proof.

*Defendants' Deficient Notice*

143.    Denied that Aterian terminated Konopka's and Bosotina's employment and that Aterian was obliged to give and/or failed to give, notice of any such termination.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 143, and leaves the plaintiffs to their proof.

144.    Denied that Aterian sent letters to members of the putative class.  Aterian neither admits nor denies so much of the allegations of paragraph 144 that purport to describe the contents of letters sent to members of the putative class, as the documents speak for themselves.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 144, if any, and leaves the plaintiffs to their proof.

145.    Denied.

146.    Admitted that at least some of the Pace Defendants and/or Eaglestone LLC borrowed money from BMO Bank, without any admission thereby that they all did so as to the terms of such borrowing.

147.    Admitted that the credit agreement was amended from time to time.

148.    Aterian neither admits nor denies the allegations of paragraph 148, as they purport to describe the contents of a document or documents that speak(s) for itself or themselves.

149.    Aterian neither admits nor denies the allegations of paragraph 149, as they purport to describe the contents of a document or documents that speak(s) for itself or themselves.

150.    Aterian neither admits nor denies the allegations of paragraph 150, as they purport to describe the contents of a document or documents that speak(s) for itself or themselves.

151.    Admitted that in August 2024, some or all of the defendants considered selling the some or all of the businesses of the Pace Defendants and Eaglestone LLC, without any admission thereby that this consideration was part of or made in the same circumstances as any other instances in which the complaint alleges that any of the defendants considered selling such business.

152.    Admitted that Solar Energy Systems, LLC was sold in or around December 2024, that 360 Fire Prevention LLC was sold on or around December 31, 2024, that P.J.M. Intermediate LLC was sold on or around January 24, 2025, and that CET Acquisition Holdings, LLC was sold

18

on or around February 5, 2025. Denied that the "Defendants" were collectively parties to those sales. Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 152, if any, and leaves the plaintiffs to their proof.

153.    Admitted that an employee or former owner of one or more the Pace Defendants expressed interest in purchasing a portion of one or more of the Pace Defendants' businesses, and that Aterian was aware that he expressed such interest.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 153, and leaves the plaintiffs to their proof.

154.    Admitted that consultants from Portage Partners, Garret Spriggs and Mark Burger, were brought in to advise on the running of the Pace Defendants' business, in consultation with BMO.  Denied that the defendants collectively brought in the consultants, or that there was a single "business" belonging to the "Defendants."

155.    Admitted that from time to time Fieldstone received information about financial decisions of the Pace Defendants and Eaglestone, LLC.  Denied that he made such decisions or was involved in the day-to-day decisions of the Pace Defendants and Eaglestone, LLC.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 155, and leaves the plaintiffs to their proof

156.    Admitted that from time to time Fieldstone received information about and/or participated in discussions about what and whom the Pace Defendants and Eaglestone paid. Denied that he made decisions about what and whom they paid.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 156, and leaves the plaintiffs to their proof.

157.    Admitted that from time to time Fieldstone received information about and/or participated in discussions about efforts by the Pace Defendants to seek subcontractors to take on

their jobs.  Denied that he made decisions about whether to seek such subcontractors.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 157, and leaves the plaintiffs to their proof.

158.    Denied that Fieldstone made decisions about the work class members performed. Admitted that from time to time he participated in meetings in which the work of the Pace Defendants or their employees was discussed.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 158, and leaves the plaintiffs to their proof.

159.    Admitted that from time to time Fieldstone asked for and/or received information about the operations of Eaglestone LLC and the Pace Defendants, without any admission thereby as to particular contents of such information or particular occasions on which he asked for or received such information.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 159, and leaves the plaintiffs to their proof.

160.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 160, and leaves the plaintiffs to their proof.

161.    Admitted that Fieldstone was copied on various emails concerning the businesses of the Pace Defendants and Eaglestone, LLC.  Aterian neither admits nor denies so much of the allegations of paragraph 161 as purport to describe the contents of those emails, as the documents speak for themselves.

162.    Denied that Richards reported to Fieldstone.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 162, and leaves the plaintiffs to their proof.

163.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 163, and leaves the plaintiffs to their proof, except that Aterian denies that any decisions referenced in paragraph 163 were in Fieldstone's control.

20

164.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 164, and leaves the plaintiffs to their proof, except that Aterian denies that any decisions referenced in paragraph 164 were in Fieldstone's control.

165.    Denied that Fieldstone made the decisions to sell off the referenced businesses. Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 165, and leaves the plaintiffs to their proof.

166.    Denied that Fieldstone was involved in or influenced decisions to terminate the employment of members of the putative class, and denied that the WARN Act was disregarded. Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 166, and leaves the plaintiffs to their proof.

167.    Aterian neither admits nor denies so much of the allegations of paragraph 167 as purport to describe the contents of a document that speaks for itself.   Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 167, if any, and leaves the plaintiffs to their proof.

168.    Aterian neither admits nor denies so much of the allegations of paragraph 168 as purport to describe the contents of a document that speaks for itself.   Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 168, if any, and leaves the plaintiffs to their proof.

169.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 169, and leaves the plaintiffs to their proof.

## CLASS ALLEGATIONS

170.    Denied that certification of the putative class is warranted.  To the extent that any remaining portions of the allegations of paragraph 170 require an answer, Aterian denies them.

21

171.    Denied.

172.    Denied.

173.    Denied.

174.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 174, and leaves the plaintiffs to their proof.

175.    Denied.

176.    Denied that Aterian was required to provide or failed to provide the referenced notice, and that the WARN Act was violated.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 176, if any, and leaves the plaintiffs to their proof.

177.    Denied.

178.    Aterian lacks information sufficient to admit or deny the allegations of paragraph 178, and leaves the plaintiffs to their proof.

## **FIRST CAUSE OF ACTION**
(On behalf of Plaintiffs and the Class)
WARN Act Violations

179.    Aterian incorporates by reference its responses to all preceding allegations.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied that Aterian paid pay and benefits to members of the putative class.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 187, and leaves the plaintiffs to their proof.

188.    Denied.

189.    Denied.

190.    Denied that the plaintiffs are entitled to attorney's fee and costs.

## SECOND CAUSE OF ACTION
(On behalf of Plaintiffs and the Class)
NY WARN Act Violations

191.    Aterian incorporates by reference its responses to all preceding allegations.

192.    Denied,

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied that Aterian paid pay and benefits to members of the putative class.  Aterian lacks information sufficient to admit or deny the remaining allegations of paragraph 198, and leaves the plaintiffs to their proof.

199.    Denied.

200.    Denied.

201.    Denied.

## PRAYER FOR RELIEF

Aterian denies that the plaintiffs and members of the putative class are entitled to any of the relief sought.

Date:   New York, New York        **AKERMAN LLP**

August 14, 2026

By: /s/ *Adam S. Mocciolo*
    Adam S. Mocciolo
    Reeya Khurana
    1251 Avenue of the Americas, 37th Floor
    New York, New York 10020
    Tel.: 212.880.3800
    adam.mocciolo@akerman.com
    reeya.khurana@akerman.com

    Dustin B. Hillsley (pro hac vice motion forthcoming)
    201 East Las Olas Boulevard
    Suite 1800
    Fort Lauderdale, FL 33301
    Tel.: 954.463.2700
    dustin.hillsley@akerman.com

    *Attorneys for Defendant Aterian Investment Management L.P.*

24

## <u>CERTIFICATION</u>

The foregoing was filed with the court's CM/ECF system, and will be electronically on counsel of record by operation of the system, or mailed to any parties unable to accept electronic service.

*/s/ Adam S. Mocciolo*
Adam S. Mocciolo
