akerman

Raymond J. Berti

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6421
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6454
raymond.berti@akerman.com

October 16, 2026

**VIA ECF**

Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Konopka, et al. v. Pace Plumbing Corp., et al.*, No. 1:25-cv-811**

Dear Judge Cross-Goldenberg:

My office represents Defendant Aterian Investment Management LP ("Aterian") in the above-referenced action. I write to advise the Court that Aterian's prior counsel of record, Adam S. Mocciolo, resigned as a Partner at my firm, Akerman LLP, on or about September 30, 2026.[1] Since then, I have been retained by Aterian to assume primary responsibility for this matter (assisted by my Akerman LLP Partner Christopher R. Lepore and Associate Reeya Khurana, who have also recently filed Notices of Appearance, *see* ECF Nos. 51, 55) and am presently getting up to speed on the case.

I write on behalf of Aterian to respectfully request, with Plaintiffs' consent, an adjournment of the settlement conference presently scheduled for October 26, 2026, until after the close of fact discovery on November 23, 2026. This is the parties' second request for an adjournment of the settlement conference. The first request, which the parties jointly submitted on September 22, 2026 (prior to my involvement in the case), sought to reschedule the conference originally set for September 29, 2026 due to scheduling conflicts. *See* ECF No. 50.

Aterian respectfully submits that conducting the settlement conference at this time would be premature and would have little likelihood of resolving the case. Significantly, the parties have not yet exchanged any discovery and do not anticipate doing so until October 21st. Moreover, my

[1] To the extent necessary, we are prepared to file a formal motion to withdraw Mr. Mocciolo as counsel of record for Aterian pursuant to Local Civil Rule 1.4 in short order; otherwise, if the Court deems formal motion practice unnecessary, we respectfully request the termination of Mr. Mocciolo's representation of Aterian in this matter. If more efficient, we can also serve a copy of this letter on our client and then file proof of service with the Court.

understanding is that Aterian – a private equity firm that did not directly employ Plaintiffs but instead invested in a third-party portfolio company (Eaglestone) that owned a number of businesses, including Plaintiffs' former employers (the various Pace entities) – does not possess any documents relating to the individually named Plaintiffs, the putative plaintiffs, or the labor union. As such, Aterian presently has no reasonable way of valuing this case: it cannot accurately calculate any individual employee's potential damages, much less identify the putative class members. Instead, these issues will seemingly require significant third-party discovery. Additionally, the parties have engaged in preliminary settlement discussions, but their respective positions are so far apart that settlement at this time is exceedingly unlikely.

Given the foregoing, Aterian respectfully submits that there is no purpose in expending the parties' and the Court's limited time and resources on a premature settlement conference that has no realistic chance of resolving this matter – at least not at this time. In contrast, if the settlement conference is adjourned until after fact discovery has closed, the parties are likely to be in a much better position to evaluate the strengths and weaknesses of their respective positions and engage in more meaningful and potentially fruitful negotiations.

We thank the Court for its time and consideration of this request.

Respectfully submitted,

*/s/ Raymond J. Berti*
Raymond J. Berti

cc: All counsel of record (via ECF)