UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Michael Konopka and Dragan Bosotine, and on behalf of themselves and all others similarly situated, Plumbers Unions Local No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Fitting Industry of the United States and Canada, Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan, Trustees of the United Association National Pension Fund, and Trustees of the International Training Fund,

Plaintiff(s),

v.

Pace Plumbing Corp., Pace Plumbing Delaware Corp., The Pace Companies New York, LLC, Pace Field Services, LLC d/b/a Pace Mechanical, and Eagletone, LLC d/b/a Eaglestone NY, LLC, and Aterian Investment Management, LP d/b/a Aterian Investment Partners,

Defendant(s).

Case No. 1:25 -CV- 00811 ( RER ) (PCG)

## CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided that such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [*check all that apply*]:

☑ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

☑ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

☑ Medical and Legal Records, including medical files and reports.

☐ Non-public criminal history.

(b) If any party believes that a document not described in the above paragraph should nevertheless be considered confidential, that party may make application to the Court. Such an application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.



Doc ID: c21cf15a8419a2b934b89d58950a3e8a72096d16

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "confidential" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If, at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g) If a party believes that a document designated or sought to be designated as confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, if they wish to move to file a document under seal.

(i) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(k) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

| **Attorney for Plaintiffs** | | **Attorney for Defendant** | |
|---|---|---|---|
| Name: | Garrett Kaske, Esq. | Name: | Raymond Berti, Esq. |
| Address: | 445 Broadhollow Road<br>Suite 316<br>Melville, NY 11747 | Address: | 1251 Avenue of the Americas<br>37th Floor<br>New York, NY 10020 |
| Telephone: | 631-499-9100 | Telephone: | 212-259-6421 |
| Email: | gkaske@kesslermatura.com | Email: | raymond.berti@akerman.com |
| Signature: | [signature] | Signature: | [signature] |
| Name: | Jane Lauer Barker, Esq.. | | |
| Address: | 120 Broadway, 28th Floor<br>New York, NY 10271 | | |
| Telephone: | 212-652-3828 | | |
| Email: | jbarker@pittalaw.com | | |
| Signature: | Jane Lauer Barker | | |
| Name: | Diana R. Cohn, Esq. | | |
| Address: | 15301 Wisconsin Ave., N.W., Suite 800<br>Washington, D.C. 20015 | | |
| Telephone: | (202) 274-2449 | | |
| Email: | Dcohn@odonoghuelaw.com | | |
| Signature: | Diana R. Cohn | | |

**SO ORDERED:**

Dated: Brooklyn, New York
November 6, 2026

/s/ Peggy Cross-Goldenberg
**PEGGY CROSS-GOLDENBERG**
United States Magistrate Judge



Doc ID: c21cf15a8419a2b934b89d58950a3e8a72096d16

**<u>EXHIBIT A</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled:

______________________________________________________________________

have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name:______________________________

Sign Name:______________________________

Dated:_________________

Signed in the presence of:

______________________________
(Attorney)



Doc ID: c21cf15a8419a2b934b89d58950a3e8a72096d16