akerman

Raymond J. Berti

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6421
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6454
raymond.berti@akerman.com

November 9, 2026

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Konopka, et al. v. Pace Plumbing Corp., et al.***
**Case No. 1:25-cv-00811-RER-PCG**

Dear Judge Reyes:

This firm represents Defendant Aterian Investment Management, L.P. ("Aterian") in the above-referenced action. Pursuant to Your Honor's Individual Practices, Aterian respectfully requests a pre-motion conference in connection with its anticipated motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The motion would seek dismissal of the claims asserted by plaintiffs Trustees of the Plumbers Union Local No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan, Trustees of the United Association National Pension Fund, and Trustees of the International Training Fund (collectively, the "Trustees" or the "Funds") on a single, purely legal ground: the Trustees lack statutory standing under both the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act"), and the New York Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 *et seq.* ("NY WARN") (together, the "WARN Acts").

## BACKGROUND

As the Court is likely aware, there has been a recent transition in the attorneys at this firm responsible for Aterian's defense. *See* ECF Nos. 54, 56, 59. In connection with this transition, we have evaluated the pleadings with fresh eyes and determined that dispositive motion practice is appropriate pursuant to Rule 12(h)(2)(B), which permits a party to raise a failure-to-state-a-claim defense by a motion for judgment on the pleadings under Rule 12(c) at any time prior to trial. The anticipated motion presents a pure question of law on the face of the pleadings; it requires no discovery and will not delay the existing schedule. The requested relief is also narrow and would not affect the claims of the individual plaintiffs, the putative class, or Plumbers Union Local No.

1 ("Local 1"). However, resolving the issue now will promote the efficient conduct of this case by streamlining the litigation and confirming, before the parties incur potentially unnecessary discovery costs, which plaintiffs are entitled to pursue relief under the WARN Acts.

**GROUNDS FOR ATERIAN'S ANTICIPATED MOTION**

The First Amended Class Action Complaint (ECF No. 8) ("FAC") asserts that the Trustees may sue under the WARN Acts on two theories: (i) that the Funds are a "representative" of the affected plumbers "by virtue of the Funds being a third-party beneficiary of the CBA negotiated by Local 1"; and (ii) that the Funds are a "person" harmed by the layoffs "to the extent of the contributions that were owed to the Funds" for the notice period. FAC ¶ 44. Neither theory finds any support in the statutory text, and the Trustees' claims should therefore be dismissed.

1. **The Trustees Are Not a "Representative" Because Local 1 Is the Plumbers' Exclusive Bargaining Representative.**

Both the federal WARN Act, 29 U.S.C. § 2101, and NY WARN, N.Y. Lab. Law § 860-a, define "representative" narrowly to mean an exclusive bargaining representative of employees under the National Labor Relations Act or the Railway Labor Act — that is, a union. The FAC itself identifies that representative: Local 1 "is the exclusive bargaining representative under the National Labor Relations Act, 29 U.S.C. § 159(a)," of the plumbers, and Local 1 is the "representative" of the affected plumbers under both 29 U.S.C. § 2101(a)(4) and N.Y. Lab. Law § 860-a(7). FAC ¶¶ 25, 30. The FAC does not allege that the Funds are the exclusive bargaining representative of the affected plumbers under either the National Labor Relations Act or the Railway Labor Act. Their asserted status as third-party beneficiaries of the collective bargaining agreement does not satisfy the statutory definition of "representative," which turns on exclusive representative status under federal labor law, not on an entity's entitlement to benefit from a contract a union negotiated.

2. **The Trustees Are Not Proper Plaintiffs Under the WARN Acts' Enforcement Provisions.**

**Federal WARN Act.** The FAC's second theory fares no better. Under 29 U.S.C. § 2104, an employer's liability runs "to each aggrieved employee" for back pay and benefits for the period of the violation. The Trustees are not aggrieved employees, and unpaid benefit-fund contributions are not among the remedies the statute enumerates. The Third Circuit addressed this precise question in *In re APA Transportation Corp. Consolidated Litigation*, 541 F.3d 233 (3d Cir. 2008), and held that ERISA benefit funds lack standing to sue under the WARN Act and are not "person[s]" who may enforce it. *See also United Mine Workers of America International Union v. Midwest Coal Co.*, No. TH 99-0141-C-T/H, 2001 WL 1385893 (S.D. Ind. Aug. 31, 2001).

**NY WARN.** The argument is even more straightforward under the state statute. N.Y. Lab. Law § 860-g(7) limits enforcement to employees, local governments, and employee

---

representatives; unlike the federal statute, it contains no "person" category at all. Moreover, § 860-g(4)(c) treats employer contributions to a fund or trustee as an *offset* against an employee's recovery — not as the basis for a separate, independent claim by the fund. The FAC's reliance on N.Y. Lab. Law § 860-b (FAC ¶ 44) therefore cannot confer standing on the Trustees.

**3. Existing Federal Authority Uniformly Supports Dismissal, and NY WARN Follows the Federal Statute.**

The Third Circuit squarely held in *APA Transportation* that benefit funds may not sue under the WARN Act, and Aterian is not aware of any controlling Second Circuit authority to the contrary. That absence of controlling authority counsels in favor of adopting *APA Transportation*'s well-reasoned analysis. In fact, the Second Circuit has cited *APA Transportation* favorably, albeit for a different proposition. *See Guippone v. BH S & B Holdings LLC*, 737 F.3d 221, 227 (2d Cir. 2013).

Moreover, courts in this Circuit interpret NY WARN in lockstep with the federal WARN Act. *See Roberts v. Genting New York LLC*, 68 F.4th 81 (2d Cir. 2023); *Staley v. FSR International Hotels Inc.*, 775 F. Supp. 3d 720 (S.D.N.Y. 2025). And because the text of NY WARN is, if anything, narrower than its federal counterpart on this point, the persuasive federal authority applies with even greater force to the state-law claims.

**4. Dismissal Would Not Prejudice Any Other Plaintiff.**

Dismissal of the Trustees would not prejudice any other plaintiff. It would leave intact the WARN claims of the individual employees, the putative class, and Local 1, and would simply confine this action to the parties the statutes authorize to sue. The FAC itself confirms as much by limiting the Funds' asserted interest to "benefit contributions and recovery of the same." FAC ¶ 44 nn.1–2. Accordingly, in addition to being legally improper, the Trustees' involvement in this case is also redundant and unnecessary.

## CONCLUSION

For these reasons, Aterian respectfully requests that the Court schedule a pre-motion conference or, in the alternative, set a briefing schedule for its anticipated Rule 12(c) motion. This request is made without waiver of, and with express reservation of, all other defenses and grounds for relief. We thank the Court for its time and attention to this matter.

Respectfully submitted,

**AKERMAN LLP**

*/s/ Raymond J. Berti*
Raymond J. Berti