akerman

Raymond J. Berti

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6421
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6454
raymond.berti@akerman.com

November 13, 2026

**VIA ECF**

Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Konopka, et al. v. Pace Plumbing Corp., et al.*, No. 1:25-cv-811**

Dear Judge Cross-Goldenberg:

My office represents Defendant Aterian Investment Management LP ("Aterian") in the above-referenced action. We write on behalf of Aterian to respectfully request, with Plaintiffs' consent, an adjournment of the settlement conference presently scheduled for November 24, 2026, until after the recently extended fact discovery deadline of December 23, 2026. *See* ECF No. 61; Dkt. Order dated Nov. 6, 2026. Specifically, the parties request that the settlement conference be scheduled on a date between January 19, 2027 and February 12, 2027, when fact discovery will be complete and the parties will be in a better position to evaluate their positions.

This is the parties' third request for an adjournment of the settlement conference. The first request, which the parties jointly submitted on September 22, 2026 (prior to my involvement in the case), sought to reschedule the conference originally set for September 29, 2026 due to scheduling conflicts. *See* ECF No. 50. The second request, which Aterian submitted with Plaintiffs' consent on October 16, 2026, sought to reschedule the settlement conference because the parties agreed that conducting it on October 26, 2026 would be premature and have little likelihood of resolving the case. *See* ECF No. 56. The Court granted both requests.

Since then, the parties sought and obtained an extension of the fact discovery deadline by 30 days, *i.e.*, from November 23rd to December 23rd. *See* ECF No. 61; Dkt. Order dated Nov. 6, 2026. However, the parties are still exchanging discovery and presumably will require additional discovery from third parties for all of the reasons set forth in Aterian's October 16th adjournment request. *See* ECF No. 56. Additionally, Aterian recently filed a pre-motion letter in anticipation of a formal motion to dismiss the Plaintiffs Trustees of the Plumbers Union Local No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan, Trustees of the United Association

National Pension Fund, and Trustees of the International Training Fund (collectively, the "Trustees" or the "Funds") pursuant to Fed. R. Civ. P. 12(c) on the grounds that these entities lack standing as a matter of law to assert claims pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, and the New York Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 *et seq*. *See* ECF Nos. 61, 64. Resolution of this anticipated dispositive motion is also likely to simplify and/or streamline settlement discussions. The parties have also not made any movement on settlement discussions since Aterian's October 16th letter. *See* ECF No. 56.

Given the foregoing, Aterian respectfully submits that there is no purpose in expending the parties' and the Court's limited time and resources on a premature settlement conference that has no realistic chance of resolving this matter – at least not at this time. In contrast, if the settlement conference is adjourned from November 24th until a date in January/February 2027, the parties are likely to be in a much better position to evaluate the strengths and weaknesses of their respective positions and engage in more meaningful and potentially fruitful negotiations.

We thank the Court for its time and consideration of this request.

Respectfully submitted,

*/s/ Raymond J. Berti*
Raymond J. Berti

cc: All counsel of record (via ECF)