O'DONOGHUE & O'DONOGHUE LLP
EST. 1935

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

November 16, 2026

**VIA ELECTRONIC FILING**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Konopka, et al. v. Pace Plumbing Corp., et al.*
Case No. 1:25-cv-00811-RER-PCG

Dear Judge Reyes:

This firm represents Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan, Trustees of the United Association National Pension Fund, and Trustees of the International Training Fund (collectively, the "Benefit Fund Plaintiffs") in the above-referenced action. We write to respond to Defendant Aterian Investment Management, L.P.'s ("Aterian") November 9, 2026 letter request for a pre-motion conference in connection with its anticipated motion for partial judgment on the pleadings. As the Benefit Fund Plaintiffs understand it, Aterian seeks to dismiss the Benefit Fund Plaintiffs from this action on the grounds that the Benefit Fund Plaintiffs lack standing under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. ("WARN Act") and the New York Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 *et seq*. ("NY WARN").

**1. Background**

The Benefit Fund Plaintiffs are "employee benefit plans" as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1002(3) ("ERISA"). (First Amended Complaint ("FAC") ¶¶ 31-33.) Union-represented employees employed by the Defendants in this action performed work pursuant to the terms of a collective bargaining agreement negotiated between Union Plaintiff and the Association of Contracting Plumbers ("CBA"). (FAC ¶ 26.) The CBA requires employers bound by it to abide by specified terms and conditions of employment, including the payment of wages to employees, and payment of contributions to the Benefit Fund Plaintiffs on the employees' behalf. *Id.* These contributions fund pension, 401(k), medical, and other benefits for the employees working under the CBA.

**2. Response to Aterian's Pre-Motion Request**

Contrary to Aterian's assertions, the Benefit Fund Plaintiffs are proper parties in this case. Under the federal WARN Act, a person seeking to enforce an employer's liability under the Act may bring a WARN action. 29 U.S.C. § 2104(a)(5). The Act provides that employers who conduct mass layoffs in violation of the statute shall be liable for, in addition to wages, "benefits under an employee benefit plan described in [ERISA]…." 29 U.S.C. § 2104(a)(1)(B). The statute also specifically acknowledges that employers can incur liability to defined benefit pension plans. *Id.* at § 2104(a)(2)(C). Read together, this statutory language plainly provides that employers who violate the WARN Act are liable for up to 60 days of wages to impacted employees, and up to 60 days of benefits to an ERISA-governed plan on behalf of impacted employees. Indeed, the Second Circuit has recognized that damages under the WARN Act "are measured as two months of pay and benefits." *United Paperworkers International Union v. Specialty Paperboard, Inc*., 999 F. 2d 51, 55 (2d Cir. 1993). As explained in the FAC, employers pay contributions to ERISA-governed employee benefit plans, and those plans provide benefits to the employer's employees. Therefore, employee benefit plans, such as the Benefit Fund Plaintiffs, may bring actions under the federal WARN Act.

Aterian's contention that unpaid benefit fund contributions are not recoverable wholly ignores the plain text of the statute and its remedial purpose. The WARN Act is intended to make employees whole and provide them with wages and benefits had they continued to work during WARN's notice period. *See Local Jt. Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F. 3d 1152 (2001). Despite the make-whole purpose of the Act, under Aterian's theory, employees entitled to relief under Federal and New York WARN Acts would nevertheless suffer the loss of contributions to their pension, 401(k), and other benefit plans to which they would have been entitled to had proper notice been given.

The Benefit Fund Plaintiffs note that Aterian's letter cites to a single Third Circuit case, *APA Transportation Corp. Consolidated Litigation*, 541 F. 3d 233 (3d Cir. 2008), for the proposition that benefit funds may not sue under the WARN Act. Relying on that case, Aterian asserts that federal authority "uniformly supports dismissal" of Plaintiff Benefit Funds' claims. In its review of the vast jurisprudence on the Federal and New York WARN Acts, Benefit Fund Plaintiffs could not locate *any other* federal district court or circuit court case that supports dismissal. On the contrary, other courts have concluded that benefits to ERISA-governed plans are recoverable in WARN actions. *United Mine Workers of Amer. v. Martinka Coal Co*., 45 F. Supp. 2d 521 (N.D. Va 1999), *affd*, 202 F. 3d 717 (4th Cir. 2000); *Ciarlante v. Brown & Williamson Tobacco Corp*., Civ. A. No. 95-4646, 1996 WL 741973 at *3 (E.D. Pa. 1996*), rev'd on other grounds*, 142 F. 3d 139 (3d Cir. 1998). Given *APA Transportation Corp*. is not binding on this Court and is the *only* court case Aterian cites to as having addressed this issue, Aterian's reliance on it as uncontroverted, uniform authority is misplaced.

Lastly, Aterian's assertion that dismissal of the Benefit Fund Plaintiffs will not prejudice the claims of individual employees and the Union ignores the practical impact of the Funds' dismissal. The Parties have already engaged in substantive discovery, in which the Benefit Fund Plaintiffs have produced documents showing how benefits are provided to the individual employees. As noted above, and as revealed through discovery, employees who participate in the

Benefit Fund Plaintiffs' benefit plans rely on those plans to provide pension, 401(k), health, and other benefits to support themselves and their families. Dismissing the Benefit Fund Plaintiffs from this action will deny employees benefits from their employee benefit plans for the period of the WARN Act violation. Moreover, the Benefit Fund Plaintiffs understand that Aterian will eventually file a motion for summary judgment. Aterian's arguments concerning the propriety of the Benefit Fund Plaintiffs as parties to this action can be addressed at that time without prejudice to any party and would avoid additional unnecessary motions practice.

**3. Conclusion**

Benefit Fund Plaintiffs respectfully ask this Court to defer setting a briefing schedule for Aterian's anticipated Rule 12(c) motion, and instead direct Aterian to make such motion in conjunction with its eventual motion for summary judgment. Doing so would not only serve judicial economy but would also allow the parties to rely upon documents and information revealed in discovery to support their positions on this matter. In the alternative, the Benefit Fund Plaintiffs ask the Court to schedule a pre-motion conference in anticipation of Aterian's Rule 12(c) motion. We thank the court for its time and attention to this matter.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**

By: ____________/s/____________
Diana R. Cohn
*Counsel for the Benefit Fund Plaintiffs*